UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DAVON L. OUTTEN,

    Plaintiff,

v.

ZAKHEIM & LAVRAR, P.A.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3. Plaintiff, DAVON L. OUTTEN, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, ZAKHEIM & LAVRAR, P.A., is a professional association and citizen of the State of Florida with its principal place of business at Suite 202, 1045 South University Drive, Plantation, Florida 33324.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant attempted to collect from Plaintiff an allegedly defaulted credit card with Citibank (South Dakota), N.A. The alleged debt was incurred for personal, family, or household purposes.

10. On October 20, 2010, Defendant filed a complaint in the County Court for the 11th Judicial Circuit in and for Miami Dade County, Case No.: 10-26919CC23 (2010 Complaint).

11. On November 2, 2010, Scott D. Owens, Esq. filed a notice of appearance on behalf of Mr. Outten, in the above matter.

12. On August 12, 2011, Defendant filed a second suit the County Court for the 11th Judicial Circuit in and for Miami Dade County, Case No.: 11-16519CC23 (2011 Complaint), regarding the exact same debt as the 2010 Complaint.

13. As of the filing of this suit, the 2010 Complaint and the 2011 Complaint are both pending in Miami-Dade county court.

14. Filing two separate suits against the same person for the same debt is an improper collection technique, in that, among other things, it causes a consumer to hire an attorney to defend the frivolous second suit.

15. At the time Defendant served a copy of the 2011 Complaint on Plaintiff, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

16. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

17. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

18. No court had authorized Defendant's direct communication with Plaintiff.

19. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself to the representation of his counsel.

## COUNT I
## VIOLATION OF 15 U.S.C §1692d

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant attempted to collect the same debt by filing one suit against Plaintiff and then while that suit was still pending, filing a second suit in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF 15 U.S.C §1692f

22. Plaintiff incorporates Paragraphs 1 through 19.

23. Defendant used unfair collection methods by filing one suit against Plaintiff and then while that suit was still pending, filing a second suit in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

24.    Plaintiff incorporates Paragraphs 1 through 19.

25.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

26.    Plaintiff incorporates Paragraphs 1 through 19.

27. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

28. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

    e. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                    DONALD A. YARBROUGH, ESQ.
                                    Attorney for Plaintiff
                                    Post Office Box 11842
                                    Ft. Lauderdale, FL 33339
                                    Telephone: 954-537-2000
                                    Facsimile: 954-566-2235

donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658